[773 NYS2d 89]

In the Matter of JOHN SPIRIDAKIS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 1, 2004

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse,* Brooklyn (*Diana J. Szochet* of counsel), for petitioner.

*Michael S. Ross,* New York City, for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition dated December 10, 2002, containing nine charges of professional misconduct. After a prehearing conference on January 30, 2003, and a hearing conducted on March 27, 2003, the Special Referee sustained all nine charges. The petitioner now moves to confirm the Special Referee's report and to impose such discipline as the Court deems appropriate under the circumstances. The respondent supports the petitioner's motion to confirm the Special Referee's report and submits that the sanction of public censure would be wholly consistent with prior sanctions imposed by the Court in analogous cases.

Charge One alleges that the respondent failed to properly safeguard funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). Between approximately 1994 and 2000, the respondent maintained an IOLA account at Atlantic Bank. He deposited funds entrusted to him as a fiduciary into his IOLA account. On or about December 22, 1997, the respondent withdrew $75,000 from his IOLA account by check drawn to the order of "John Spiridakis Law Firm." The respondent was not entitled to withdraw $75,000 to his own order from his IOLA account on that date. The respondent's withdrawal of $75,000 on December 22, 1997, created a shortfall in his escrow account of approximately $46,000. A shortfall of approximately $21,000 continued in the respondent's IOLA account through approximately March 1998.

Charge Two alleges that the respondent failed to properly safeguard funds entrusted to him as a fiduciary, incident to his

practice of law, in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). The respondent represented Nikos Kostadino in a personal injury action between approximately 1996 and 1998. On December 23, 1997, he deposited settlement proceeds of $5,000 on behalf of Mr. Kostadino into his IOLA account. The respondent disbursed $3,333.34 to Mr. Kostadino by IOLA check dated December 22, 1997. That check cleared the respondent's IOLA account on December 22, 1997, before the deposit of settlement funds. Consequently, the check payable to Mr. Kostadino cleared against other funds on deposit in the respondent's IOLA account.

Charge Three alleges that the respondent failed to properly safeguard funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). The respondent represented Anthony Stewart in connection with a personal injury action in or about May 1997. On June 4, 1997, the respondent deposited $8,472 of settlement proceeds on behalf of Mr. Stewart into his IOLA account. The respondent disbursed $5,684 to Mr. Stewart by IOLA check dated June 2, 1997. That check cleared the IOLA account on June 3, 1997, prior to the deposit of settlement funds. Consequently, the check payable to Mr. Stewart cleared against other funds on deposit in the respondent's account.

Charge Four alleges that the respondent failed to promptly pay or deliver to clients funds in his possession to which the clients were entitled, in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). The respondent represented Hazera Zafar and Tapati Dey in connection with a personal injury matter. He deposited settlement proceeds of $8,500 into his IOLA account on behalf of Zafar and Dey on or about August 21, 1996. The respondent failed to disburse the settlement funds until approximately May 8, 1997. The respondent represented George Stratakis in connection with a personal injury matter in or about 1996. He deposited settlement proceeds of $4,500 into his IOLA account on behalf of Stratakis on or about October 1, 1996. The respondent failed to disburse the settlement funds until approximately February 20, 1997. The respondent represented Weiman Wong in connection with a personal injury matter in or about 1997. He deposited settlement proceeds of $8,500 into his IOLA account on behalf of Wong on or about

April 2, 1997. The respondent failed to disburse the settlement funds until approximately August 14, 1997. The respondent represented Dimitrios Starogiannis in connection with a personal injury matter in or about 1997. He deposited settlement proceeds of $20,000 into his IOLA account on behalf of Starogiannis on or about May 14, 1997. The respondent failed to disburse the settlement funds until approximately November 14, 1997.

Charge Five alleges that the respondent commingled funds entrusted to him as a fiduciary incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). The respondent maintained earned fees on deposit in his IOLA account between approximately January 1996 and December 1997. Between approximately January 1998 and August 2000, checks were drawn on the respondent's IOLA account to pay for business and/or personal expenses. Seven thousand five hundred dollars in personal funds were deposited into the respondent's IOLA account from his savings account in or about December 1999.

Charge Six alleges that the respondent failed to maintain required bookkeeping records, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). Between approximately 1994 and 2000, the respondent failed to maintain required bookkeeping records, in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). Between approximately 1994 and 2000, the respondent failed to maintain a ledger book or similar record of deposits into and withdrawals from his IOLA account, as required by Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46).

Charge Seven alleges that the respondent has been guilty of engaging in a pattern of filing or causing to be filed late retainer and closing statements with the Office of Court Administration, in violation of 22 NYCRR 691.20 and Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). Between approximately 1997 and 2000, the respondent repeatedly filed or caused to be filed late retainer and closing statements with the Office of Court Administration.

Charge Eight alleges that the respondent engaged in a pattern of filing or causing to be filed inaccurate, incomplete, and/or misleading retainer statements with the Office of Court Administration, in violation of 22 NYCRR 691.20 (a) (1) and (2)

and Code of Professional Responsibility DR 1-102 (a) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]). Between approximately 1997 and 2000, the respondent filed at least 240 retainer statements with the Office of Court Administration. The respondent provided inaccurate, incomplete, and/or misleading information in response to question 7 on the retainer statement concerning the name, address, occupation, and relationship of the persons referring clients.

Charge Nine alleges that the respondent engaged in a pattern of filing or causing to be filed inaccurate and/or misleading closing statements with the Office of Court Administration, in violation of Code of Professional Responsibility DR 1-102 (a) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]). On or about September 29, 2000, the respondent filed closing statements with the Office of Court Administration which falsely stated that the date of payment by the carrier or defendant was May 15, 1997, and that the date of payment to the clients was May 31, 1997. On or about October 5, 2000, the respondent filed a closing statement with the Office of Court Administration which falsely stated that the date of payment to the client was July 30, 1996. On or about October 4, 2000, the respondent filed a closing statement with the Office of Court Administration which falsely stated that the date of payment to the client was April 15, 1997. On or about September 13, 2000, the respondent filed a closing statement with the Office of Court Administration which falsely stated that the date of payment to the client was May 13, 1997.

Inasmuch as the respondent admitted culpability with respect to Charges One through Nine and supported the petitioner's motion to confirm the Special Referee's report, the charges were properly sustained. The petitioner's motion to confirm is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider the absence of venality or injury to any client, his reliance upon the erroneous advice of a CPA, the corrective action taken upon discovery of his mistake, his total cooperation with the Grievance Committee, his remorse, his active involvement as a volunteer in his community and his pro bono legal services, the stress and pressure he experienced due to his wife's illness, and the character evidence presented. The respondent received a letter of caution, dated June 26, 1989, for entering into a nonrefundable retainer with a matrimonial client, and an admonition, dated May 15, 1998, for failing to properly supervise a "relatively new employee."

Under the totality of circumstances, the respondent is suspended from practice for a period of one year.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and ADAMS, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, John Spiridakis, is suspended from the practice of law for a period of one year, commencing April 1, 2004, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said one-year period upon furnishing satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), and (3) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, John Spiridakis, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.